Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 103670

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| National Photo Group, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> Spanfeller Media Group, Inc., <br><br> Defendants. | Docket No: <br><br> **COMPLAINT** |

National Photo Group, LLC ("NPG" or "*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendants Spanfeller Media Group, Inc. ("Spanfeller" or "*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover for copyright infringement. Plaintiff herein provides entertainment-related photojournalism goods and services, and owns the rights to photographs featuring celebrities that it licenses to online and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendant owns and operates a website known as www.thedailymeal.com (the "*Website*") and, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Websites without permission or authorization from Plaintiff and engaged in this misconduct knowingly and in violation of United

States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over Spanfeller Media Group, Inc. because Spanfeller Media Group, Inc. maintains its principal place of business in New York.

6. Venue is proper under 28 U.S.C. §1391(a)(2) because Spanfeller Media Group, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

**I.** **Plaintiff**

7. NPG is a California Limited Liability Company and maintains its principal place of business in Los Angeles County, California.

**II.** **Defendant**

8. On information and belief, Defendant Spanfeller Media Group, Inc., is a Delaware Corporation with a principal place of business in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

9. The Website is a popular and lucrative enterprise that purposefully displays celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

10. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profits from these activities.

11. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected photographs

(hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

12. On information and belief, the Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on their copyrights (hereinafter collectively referred to as the "*Infringements*").

13. As is set forth more fully in Exhibit "1", each listed Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

14. Each listed infringement in "Exhibit 1" is an exact copy of one of Plaintiff's original image that was directly copied and stored by Defendant on the Website

15. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendants.

16. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to, copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

17. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("DMCA") provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." See S.Rep. No. 105–190, at 43 (1998).

18. Defendant's conduct is not safe harbored by the DMCA in that none of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

19. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

20. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

21. Additionally, on information and belief, Defendant, with "red flag" knowledge of the Infringements, failed to promptly remove same (see 17 U.S.C. §512(c)(1)(A)(i)) as evidenced by the following:

(a) Defendant's employees and agents created, authored, posted, participated in and/or commented on "threads," articles or postings including those featuring Plaintiff's copyright-protected Photographs;

(b) Defendant's employees and agents actively reviewed, monitored, commented on, deleted and "cleaned" postings, articles and threads similar to and including those featuring Plaintiff's copyright-protected Photographs;

(c) Many of the Photographs are readily identifiable as copyright-protected as they contain a copyright watermark on the image, thereby making Defendant's infringement willful as a matter of law.

22. Further, Defendant has the legal right and practicable ability to control and limit the infringing activities on its Websites and regularly exercised and/or had the ability to exercise such right, which, on information and belief, is evidenced by the following:

(a) Defendant's employees and agents had complete control over and actively reviewed and monitored the content posted on the Websites.

(b) Defendant admits that it monitors the content on the Websites.

(c) Defendant's employees and agents actively review, modify and delete or "cleaned" postings, articles and threads on the Websites.

23. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, Defendant experienced increased traffic to the Website and, in turn, realized an increase in its advertising revenues, brand awareness, readership base, sponsorship fees, and partnership opportunities. 17 U.S.C. §512(c)(1)(B).

24. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

25. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

26. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

27. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs as though set forth in full herein.

28. The Photographs are original, creative works in which Plaintiff owns valid copyrights, properly registered with the United States Copyright Office.

29. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

30. Without permission or authorization from Plaintiff and in willful violation of its rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and publicly displayed works copyrighted by Plaintiff, thereby violating Plaintiff's exclusive rights in its copyrights.

31. Defendant's reproduction and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

32. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

33. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per Infringement in an amount to be proven at trial.

## SECOND COUNT
### *(Vicarious Copyright Infringement)*

34. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

35. At all material times hereto, on information and belief, Defendant had the legal right and practicable ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendant declined to exercise such right and ability in the instant case.

36. For example, on information and belief, Defendant had the practicable ability to police the images on the Website when its employees and agents edited, modified and/or interacted with the Photographs and, therefore, had the right and ability to supervise and control the infringing Photographs.

37. As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members have continued to infringe upon Plaintiff's Photographs, which, in turn, generates profits for Defendant directly from the use of the Infringements.

38. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, advertising revenue derived from the increased traffic to its Website and from increase in fees paid by sponsors.

39. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising revenue, sponsorship fees, partnership opportunities, brand awareness, and its readership base.

40. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

41. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
### *(Injunction Pursuant to 17 U.S.C. §502)*

42. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

43. Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

## FOURTH COUNT
### *(Attorneys' Fees and Costs Pursuant to 17 U.S.C. §505)*

44. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

45. Plaintiff requests, pursuant to 17 U.S.C. §505, its attorneys' fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per Infringement or, in the alternative, Plaintiff's actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiff's costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: June 29, 2016

        **SANDERS LAW, PLLC**

/s/ Craig B. Sanders
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiff*
File No.:103670